RAWLS, Acting Chief Judge
(dissenting).
I dissent.
Appellant-wife seeks review of an amended final judgment dissolving a twenty-one year marriage between the parties. The primary controversy now existing between the parties is the allocation of the material goods acquired during the marriage and the alimony to be paid the wife in the future.
The trial court, by its final judgment, granted the wife a generous division of the parties’ real and personal property, together with ample permanent alimony. Shortly thereafter, the husband filed an instrument entitled “Motion for Rehearing and/or New Trial” wherein he alleged, inter alia, that the trial court erred in awarding the wife permanent alimony, lump sum alimony, requiring the husband to pay the mortgage payments on the marital home and awarding same to the wife, dividing the real and personal property between the parties, and requiring the husband to pay attorney’s fees and costs for the wife. In short, the motion for rehearing and/or new trial was solely a rehash of the issues that had been joined, tried and decided by the trial court. Atlantic Coast Line R. Co. v. City of Lakeland, 94 Fla. 347, 115 So. 669 (1927).
The husband’s motion for rehearing and/or new trial did not result in an order granting a new trial or a rehearing, but resulted in the issuance of an amended final judgment without any hearing. The basis for entering the amended final judgment was recited as:
“THE COURT has considered Motion for Rehearing and/or New Trial filed by Husband and the Court has reviewed this Cause and the Final Judgment entered herein, it finds that the Final Judgment entered on September 11th, 1975, is in error and is contrary to the Law and the Evidence presented . .
Apparently the trial court, after again reviewing the factual matters adduced during trial, concluded that it had been too generous in the wife’s favor for it eliminated the cash lump sum alimony award and substantially reduced the permanent alimony and property awarded to her.
I am well aware that our role in reviewing a trial court’s order is not one to substitute our judgment for that of a trial court. However, it is my view, where the record reviewed in a non-jury case fully supports the final judgment of the trial court, which this record does, that absent additional evidence or fundamental error, the trial court *1155 is not authorized more than two months later, by the magic recitation that the final judgment is in error and is contrary to the law and evidence presented, to reweigh the evidence and alter the final judgment in every material respect.
I would reverse with directions to reinstate the Final Judgment.